# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ANTHONY FLEMING**,

    Plaintiff,   Civil Action No. _____
                         Hon. _____

v.

**ROCKET MORTGAGE, LLC,**

    Defendant.

---

ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com
alaurila@greatMIattorneys.com

---/

## **COMPLAINT & JURY DEMAND**

NOW COMES Plaintiff, ANTHONY FLEMING, by and through his attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, P.C., and for his Complaint against the above-named Defendant, states as follows:

## PARTIES

1. At all relevant times, Plaintiff Anthony Fleming was a resident of the City of Eastpointe, County of Macomb, State of Michigan.

2. Defendant Rocket Mortgage, LLC is a domestic limited liability company located in the City of Detroit, County of Wayne, State of Michigan and also conducts business in Detroit, and all over the State and Country as a mortgage lender.

3. At all times material and relevant hereto, Defendant Rocket Mortgage was Plaintiff's employer.

4. Plaintiff worked as a senior solution analyst for Rocket Mortgage, duties that included the issuance of mortgages to consumers, and at all times relevant, Plaintiff was a "covered employee" of Rocket Mortgage within the meaning of 12 U.S.C. § 5567 and 29 C.F.R. § 1985.101(i).

5. Defendant Rocket Mortgage is a full-service mortgage lender offering a diverse portfolio of lending options to consumers, and during all times relevant to this case, Rocket Mortgage was a "covered person" within the meaning of 12 U.S.C. § 5567 and § 5481 and/or other relevant law as a mortgage lender providing financial services to consumers.

## **JURISDICTION AND VENUE**

6. This cause of action arises out of retaliation that occurred under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("CFPA").

7. This Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. §§ 1331, 1343 and subject matter jurisdiction pursuant to § 5567(c)(4)(D)(i); see also 29 C.F.R. § 1985.114(a)(2).

8. Plaintiff satisfied all administrative prerequisites to perfect his claims under the CFPA. Specifically, Plaintiff timely filed a complaint/charge of retaliation with the United States Department of Labor on October 11, 2022, and as of the filing of this suit, there has been no final decision of the Secretary of Labor regarding Plaintiff's complaint/charge for more than 210 days. See 12 U.S.C. § 5567(c)(4)(D)(i); 29 C.F.R. § 1985.114(a)(2).

9. Plaintiff brings this action seeking de novo review and is entitled to a jury trial pursuant to § 5567(c)(4)(D)(i).

10. The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, in the County Wayne and Defendant has its place of business and transacts in Wayne County.

## **COMMON FACTUAL ALLEGATIONS**

12.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 11, as if fully set forth herein.

13.     Plaintiff was employed by Rocket Mortgage as a senior solution analyst, meaning he worked on and was intricately involved in the valuation and mortgage pricing and issuance of mortgages to consumers coming to Rocket Mortgage to obtain a mortgage.

14.     Rocket Mortgage, as a non-bank mortgage lender, is regulated, in part, by the Consumer Financial Protection Act of 2010 (Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act.

15.     With the passage of the CFPA, Congress created a federal system of consumer financial services regulations for credit reporting agencies, banks and nonbank lenders, mortgage originators and servicers, debt collectors and payment and money transmitters.

16.     Beginning in April of 2022, Plaintiff began raising concerns with his supervisors that certain Rocket Mortgage practices may be in violation of Federal Law regarding consumer protection regulations for consumers obtaining mortgages from Defendant.

17. Specifically, Plaintiff felt that Rocket Mortgage was unlawfully manufacturing changes in circumstances to modify pricing on loans and then passing these modifications as costs onto mortgagees without a lawful basis and without proper notice.

18. The standards for loan modification are set forth in the TILA-RESPA Integrated Disclosures ("TRID") rules, and these are standards under the purview of the CFPA's regulatory guidelines intended to protect consumers from predatory lending practices.

19. On or around April 18, 2022, Plaintiff emailed his numerous high-ranking supervisors in his chain of command regarding his concerns about practices and instructions from Defendant regarding loan modification, specifically concerns that actions he and his team were instructed to take may be in violation of these loan modification rules.

20. Plaintiff also spoke in person to his immediate supervisor around this time about the same concerns.

21. On May 10, 2022, Plaintiff received a poor performance review, which was his first in a number of years and it is believed was in retaliation for his recent internal complaint.

22. While his initial complaints were largely disregarded, he again reported on or around June 9, 2022, that again he felt that Rocket Mortgage was

engaging in unlawful lending practices where it would pass improper costs onto mortgagees and unlicensed employees were performing these acts.

23. Concurrently with these email complaints, Plaintiff also reported these concerns to his immediate supervisor.

24. His reported complaints were significant as the unlawful passing off of costs on mortgagees will raise the total price of the loan and effectively amount to decades of mortgagees paying interest on costs that were invalidly levied on them by the mortgagor; Defendant would benefit and gain money over the life of the loan by these acts.

25. In response to these complaints, Plaintiff was told to do what he's told.

26. On or around July 11, 2022, Plaintiff was abruptly terminated from Rocket Mortgage; a termination Defendant alleged was for insubordination, which implicitly is insubordination in the form of Plaintiff's ongoing refusal to violate the law and opposition to Defendant's predatory lending practices in violation of the CFPA.

### COUNT I – CFPA RETALIATION – 12 U.S.C. § 5567 - AS TO DEFENDANT ROCKET MORTGAGE

27. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 26, as if fully set forth herein.

28.     Plaintiff Anthony Fleming duly and properly reported and provided to his employer, Rocket Mortgage, in a manner consistent with relevant law, that he reasonably believed Rocket Mortgage's lending practices were in violation of relevant laws, including the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, the TILA-RESPA regulations and/or other laws that apply to mortgage lenders such as Defendant Rocket Mortgage.

29.     The laws and/or regulations that Plaintiff reasonably believed Defendant was violating went into effect as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, and were intended to stop and prohibit predatory lending practices and practices that negatively impacted consumers seeking mortgage lending.

30.     12 U.S.C. § 5567 sets forth two pertinent anti-retaliation provisions when an employee:

> (a)(1): provided, caused to be provided, or is about to provide or cause to be provided, information to the employer, the Bureau, or any other State, local, or Federal, government authority or law enforcement agency relating to any violation of, or any act or omission that the employee reasonably believes to be a violation of, any provision of this title or any other provision of law that is subject to the jurisdiction of the Bureau, or any rule, order, standard, or prohibition prescribed by the Bureau;
>
> (a)(4): objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any law, rule, order, standard, or prohibition, subject to the jurisdiction of, or enforceable by, the Bureau.

7

31. Plaintiff engaged in CFPA protected activity when he internally raised, reported and objected to what he reasonably believed were unlawful lending practices being committed by Rocket Mortgage.

32. Thereafter, Defendant Rocket Mortgage committed unlawful and adverse employment actions against Plaintiff, including, culminating with his abrupt termination for a reason that corroborates Defendant's dissatisfaction with his repeated protected activity.

33. Given Plaintiff's strong performance before he began reporting Defendant's lending violations, the close proximity between his protected activity and adverse actions, and the invalid basis given to him for his termination, Plaintiff's protected activity was a contributing factor in his termination and Defendant would not have terminated him absent his repeated complaints/opposition/protected activity.

34. The foregoing actions, omissions, and/or conduct committed by Defendant Rocket Mortgage constitutes unlawful conduct and retaliation in violation of the CFPA, Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, and any other relevant laws.

35. As a direct and proximate result of the aforementioned unlawful conduct, Plaintiff has suffered and continues to suffer loss of employment, loss of wages, loss of benefits, loss of respect, loss of reputation, pain, suffering, mental

anguish, emotional distress and has sustained and will sustain economic and non-economic damages, special damages, and has incurred and will incur attorney fees and other costs in an amount to be determined at trial.

36. Along with these damages, because Plaintiff has properly brought this de novo claim given the Secretary has not issued a final decision within 210 days of Plaintiff's Complaint with the Department of Labor, Plaintiff is entitled to a jury trial pursuant to § 5567(c)(4)(D)(i).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

(A) Reinstatement with the same seniority status that he would have had but for the unlawful discharge, and/or equitable front pay, including benefits, with interest;

(B) Back pay and the loss of employee benefits, with interest;

(C) Compensatory damages, including but not limited to special damages, that he has sustained and will sustain as a result of the discharge;

(D) Non-economic damages including loss of respect, loss of reputation, pain, suffering, mental anguish, emotional distress;

(E) Statutory recover of his reasonable attorney fees, litigation costs, and other expenses in accordance with applicable law;

9

(F)  For such other and further relief as this Court may deem proper in law or equity.

Respectfully submitted,

By: /s/ *Andrew J. Laurila*
ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com
alaurila@greatMIattorneys.com

Dated: May 11, 2023

10

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ANTHONY FLEMING**,

    Plaintiff,     Civil Action No. _____
               Hon. _____

v.

**ROCKET MORTGAGE, LLC,**

    Defendant.

_____

ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com
alaurila@greatMIattorneys.com
_____/

## JURY DEMAND

**NOW COMES** Plaintiff, Anthony Fleming, by and through his attorneys, GIROUX PAPPAS TRIAL ATTORNEYS, P.C., and hereby demands a trial by jury in the above stated cause of action.

                      Respectfully submitted,

                      By: /s/ *Andrew J. Laurila*
                          ROBERT M. GIROUX (P47966)
                          ANDREW J. LAURILA (P78880)

|  |  |
|---|---|
|  | Giroux Pappas Trial Attorneys, P.C.<br>Attorneys for Plaintiff<br>28588 Northwestern Hwy., Ste. 100<br>Southfield, MI 48034<br>(248) 531-8665; Fax: (248) 308-5540<br>rgiroux@greatMIattorneys.com |
| Dated: May 11, 2023 | alaurila@greatMIattorneys.com |