# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ANTHONY FLEMING**,

      Plaintiff,                    Civil Action No. 23-cv-11109

                                        Hon. Jonathan J.C. Grey

v.

**ROCKET MORTGAGE, LLC,**

      Defendant.

---

| | |
|---|---|
| ROBERT M. GIROUX (P47966) | W. KYLE TAYMAN |
| ANDREW J. LAURILA (P78880) | Goodwin Procter LLP |
| Giroux Pappas Trial Attorneys, P.C. | Attorney for Defendant |
| Attorneys for Plaintiff | 1900 N Street, N.W. |
| 28588 Northwestern Hwy., Ste. 100 | Washington, DC 20036 |
| Southfield, MI 48034 | ktayman@goodwinlaw.com |
| (248) 531-8665; Fax: (248) 308-5540 | |
| rgiroux@greatMIattorneys.com | JAMES F. HERMON (P53765) |
| alaurila@greatMIattorneys.com | Dykema Gossett PLLC |
| | Attorney for Defendant |
| | 400 Renaissance Center |
| | Detroit, MI 48243 |
| | (313) 568-6800 |
| | JHermon@dykema.com |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff Anthony Fleming, through his attorneys, Giroux Pappas Trial Attorneys, P.C., requests that this Court deny Defendant's Motion for a more

definite statement pursuant to Fed. R. C. P. 12(e) for the reasons set forth in Plaintiff's Brief in Opposition.

Respectfully submitted,

*/s/ Andrew J. Laurila*
ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Trial Attorneys, P.C.
Attorneys for Plaintiffs
28588 Northwestern Highway, Suite 100
Southfield, Michigan 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatmiattorneys.com
Dated: July 26, 2023                    alaurila@greatmiattorneys.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ANTHONY FLEMING**,

      Plaintiff,              Civil Action No. 23-cv-11109

                                  Hon. Jonathan J.C. Grey

v.

**ROCKET MORTGAGE, LLC,**

      Defendant.

---

ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Pappas Trial Attorneys, P.C.
Attorneys for Plaintiff
28588 Northwestern Hwy., Ste. 100
Southfield, MI 48034
(248) 531-8665; Fax: (248) 308-5540
rgiroux@greatMIattorneys.com
alaurila@greatMIattorneys.com

W. KYLE TAYMAN
Goodwin Procter LLP
Attorney for Defendant
1900 N Street, N.W.
Washington, DC 20036
ktayman@goodwinlaw.com

JAMES F. HERMON (P53765)
Dykema Gossett PLLC
Attorney for Defendant
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
JHermon@dykema.com

                /

---

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

## <u>COUNTER QUESTION PRESENTED</u>

1. Whether Plaintiff's one-count complaint satisfies Fed. R. Civ. P. 8(a)(2)'s notice pleading requirement and provides Defendant fair notice of what Plaintiff's claim is and the grounds on which it rests?

   Plaintiff's answer: Yes

   Defendant's answer: No

## <u>CONTROLLING AND MOST RELEVANT AUTHORITY</u>

A motion for a more definite statement is governed by Fed. R. Civ. P. 12(e), which is warranted when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." This rule does not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## I.     INTRODUCTION

Plaintiff here has a brought a one-count complaint under 12 U.S.C. §
5567(a) of the Dodd-Frank Wall Street Reform and Consumer Protection Act
("CFPA"). The complaint sets forth various allegations where Plaintiff reported
and/or opposed Rocket Mortgage's lending practices while employed as an analyst,
which included unlawfully manufacturing changes in circumstances for
mortgagees so as to pass costs onto final mortgages and result in accruable interest
for the life of a homeowner's mortgage. Within months of repeated internal
complaints, Plaintiff was abruptly terminated. Despite the simplicity of this
retaliation claim, Defendant seeks a "more definite statement" under FRCP 12(e).
As will be discussed below, the Federal Rules of Civil Procedure utilize a broad,
liberal pleading standard set forth in Rule 8(a). Plaintiff's complaint far surpasses
this notice-pleading requirement, and while Defendant is on notice of the nature of
Plaintiff's claims (CFPA retaliation under section 5567(a)), it seeks this
rarely-granted relief as a vehicle to flush out Plaintiff's proofs, stall answering the
complaint, and prematurely engage in discovery. None of these litigation tactics
form the basis for Rule 12(e) relief, thus necessitating the denial of this motion.

## II.    PERTINENT FACTUAL ALLEGATIONS

As stated above, Plaintiff Anthony Fleming has asserted a one-count
retaliation claim against his former employer, Rocket Mortgage, LLC, pursuant to

the CFPA. (ECF No. 1). As Defendant's motion is on the pleadings, the allegations as plead are pertinent here.

Plaintiff Anthony Fleming worked for Rocket Mortgage as a senior solution analyst, which involved working intricately in the valuation and mortgage pricing and issuance of mortgages to consumers using Rocket Mortgage. (*Id.* at ¶ 13). Rocket Mortgage is subject to the CFPA, a law passed following the 2008 financial crisis to regulate mortgage lending and practices. (*Id.* ¶¶ 14-15). "Beginning in April of 2022, Plaintiff began raising concerns with his supervisors that certain Rocket Mortgage practices may be in violation of Federal Law regarding consumer protection regulations for consumers obtaining mortgages from Defendant." (*Id.* ¶ 16). The complaint then asserts the specific following facts:

> 17.    Specifically, Plaintiff felt that Rocket Mortgage was unlawfully manufacturing changes in circumstances to modify pricing on loans and then passing these modifications as costs onto mortgagees without a lawful basis and without proper notice.

> 18.    The standards for loan modification are set forth in the TILA-RESPA Integrated Disclosures ("TRID") rules, and these are standards under the purview of the CFPA's regulatory guidelines intended to protect consumers from predatory lending practices.

> 19.    On or around April 18, 2022, Plaintiff emailed his numerous high-ranking supervisors in his chain of command regarding his concerns about practices and instructions from Defendant regarding loan modification, specifically concerns that actions he and his team were instructed to take may be in violation of these loan modification rules.

20. Plaintiff also spoke in person to his immediate supervisor around this time about the same concerns.

(*Id*. at PageID.5).

Following that, Plaintiff again reported on June 9, 2022 that "he felt that Rocket Mortgage was engaging in unlawful lending practices where it would pass improper costs onto mortgages and unlicensed employees were performing these acts." (*Id*. at PageID.6, ¶ 22). Plaintiff's complaints "were significant as the unlawful passing off of costs on mortgagees will raise the total price of the loan and effectively amount to decades of mortgagees paying interest on costs that were invalidly levied on them by [Rocket Mortgage]." (*Id*. ¶ 24). Shortly following these complaints, Plaintiff was abruptly terminated on July 11, 2022; "a termination Defendant alleged was for insubordination, which implicitly is insubordination in the form of Plaintiff's ongoing refusal to violate the law and opposition to Defendant's predatory lending practices in violation of the CFPA." (*Id*. ¶ 26).

Plaintiff's one-count CFPA retaliation count is asserted under 12 U.S.C. § 5567(a). Indeed, this specific statute is identified in the count's caption and also in ¶ 30. Following the specific factual allegations, the complaint alleges that Plaintiff "duly and properly reported and provided to his employer, Rocket Mortgage…that he reasonably believed Rocket Mortgage's lending practices were in violation of relevant laws, including the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, the TILA-RESPA regulations and/or other laws that apply

to mortgage lenders such as Defendant Rocket Mortgage." (ECF No. 1, PageID.7, ¶ 28). Plaintiff's internal complaints arose from his reasonable belief that Defendant's conduct violated laws and/or regulations that "went into effect as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, and were intended to stop and prohibit predatory lending practices and practices that negatively impacted consumers seeking mortgage lending." (*Id*. ¶ 29). In sum, "Plaintiff engaged in CFPA protected activity when he internally raised, reported and objected to what he reasonably believed were unlawful lending practices being committed by Rocket Mortgage." (*Id*. ¶ 31).

Following Plaintiff's retaliatory termination, he complied with his administrative remedies under the CFPA by filing a complaint/charge of retaliation with the Department of Labor on October 11, 2022, and with 210 days passing before a decision was made on the charge, Plaintiff timely sought de novo review in federal court. (*Id*. ¶ 8). During the DOL investigation, Rocket Mortgage responded to Plaintiff's charge by filing a position statement refuting Plaintiff's allegations. (Ex. 1, 11-7-22 Statement). Pertinent to Defendant's claim here that the complaint is so flawed that Defendant cannot possibly answer the complaint, Defendant was more than capable of responding to Plaintiff's DOL charge (asserting identical allegations as here and was even less specific than this complaint) and understanding the nature of Plaintiff's CFPA retaliation claim:

First, there is no factual or legal merit to the contention that Rocket Mortgage violated the TRID rules, or any aspect of federal law. Rocket Mortgage is supervised by the Bureau of Consumer Financial Protection (CFPB). At no time has Rocket Mortgage or CFPB identified any non-compliance under TRID with respect to the nature of the allegations made by Mr. Fleming. To that end, Mr. Fleming's Complaint has identified not one single instance of Rocket Mortgage "manufacturing" any changed loan circumstances and then inappropriately passing the increased loan cost onto any borrower. Nor is it clear under Mr. Fleming's theory how it would benefit Rocket Mortgage to increase the costs of a

mortgage to a potential borrower. As Rocket Mortgage understands his theory, he alleges that Rocket Mortgage that manufactured changes to loans that created new or increased costs to borrowers that would force borrowers to pay more. Doing so serves no direct financial benefit to Rocket Mortgage, and would instead jeopardize the ability of the loan to close because of the increased costs (and thereby, affordability of the loan) to the borrower. Accordingly, such behavior would only serve to increase the chance Rocket Mortgage would lose business and revenue from processing an application that results in no loan, and thus harm (not advance) Rocket Mortgage's business interests.

(*Id*. pp. 6-7).

## III. LAW AND ARGUMENT

## A. Plaintiff's Complaint clearly sets forth the nature of the claims and pertinent facts in compliance with Rule 8's general notice pleading standards

A motion for a more definite statement may be filed when "a pleading [ ... ] is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). This rule does not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Fair notice will be established through "either direct or inferential allegations respecting all the material elements to sustain a recovery." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); see also *In re Commonwealth Ins. Secs., Inc.*, 394 F.3d 401, 405-06 (6th Cir. 2005).

10

A Rule 12(e) motion is reviewed alongside Rule 8's notice pleading requirements, which the Supreme Court has held only requires a complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (citing Fed. R. Civ. P. 8(a)). For this reason, motions for a more definite statement are disfavored by courts and cannot be used as a substitute for discovery. *Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.,* 597 F.Supp.983, 988-89 (N.D. Ohio 1984). "[A]ny attempt to use a motion for a more definite statement to tie the pleader down to a particular legal theory of the case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage." 5A Wright & Miller, Federal Practice and Procedure § 1377. "Polishing the pleadings by means of motion practice is rarely worth the effort" and a defendant's desire for more detailed pleadings is the proper subject of discovery. *Compuware Corp v. International Business Machines*, 259 F.Supp.2d 597, 600 (E.D. Mich. 2002) (internal citations omitted). Rule 12(e)'s "standard is plainly designed to strike at unintelligibility rather than a lack of detail. Courts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery, or as a dilatory tactic to postpone filing an answer." 2 Moore's Federal Practice, § 12.36 (3d ed.2003). "In the presence of proper, although general

allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information." *Id*.

All of the cases cited by Defendant are completely inapposite from the one-count, Dodd-Frank retaliation claim Plaintiff has asserted here. For example, in *Briksza v. Whole Foods Market, Inc.,* 2021 WL 5832783 (E.D. Mich. 2021), a pro se plaintiff asserted a vague "employment" complaint with numerous parties and eleven counts, despite not identifying a single federal law providing the plaintiff remedies. *Id*. at *2-3. The Court granted the motion for a more definite statement because the Defendants were entitled to know which federal statute the eleven causes of action were based on. *Id*. at *3. Magistrate Patti concluded as follows: "while Plaintiff's factual complaints are generally easy to understand, the legal bases of several of his causes of action and the connection between the facts and the legal bases are unclear. Thus, while the Court can speculate as to some of his eleven causes of action, the complaint does not provide enough information for Defendants to have notice of the legal claims against them." *Id*.

Like *Briksza, Dumas v. Hurley Medical Center*, 2010 WL 5211466 (E.D. Mich. 2010) is completely distinguishable. There, the plaintiff was once again pro se and brought an ambiguous employment complaint against numerous parties that asserted eighty-nine counts, yet did not indicate which counts were asserted against which parties. *Id*. at *1. Judge Cleland granted the defendant's motion because the

eighty-nine counts were not addressed to specific parties (leaving the defendants to speculate what counts they are liable for) and the "statutes and sections of the U.S.Code to which Plaintiff refers do not clarify the basis for the claims, nor do they relieve Plaintiff of her responsibility to produce 'a short and plain statement of the claim showing that [Plaintiff] is entitled to relief.'" *Id*. at *2 (citing Rule 8(a)(2)).

And finally, Defendant cites *Sledge v. PHH Mortgage Corporation*, 2022 WL 18777531 (N.D. Ga 2022) for the alleged argument that a motion for a more definite statement was granted in the context of a TILA/RESPA violation in Georgia federal court. (ECF No. 7, PageID.35). Yet again, the plaintiff was pro se and filed a complaint for wrongful disclosure (not retaliation) and the complaint was "more than 50 pages long, includes somewhere between 12 and 27 different causes of action, and consists of more than 100 disjointed, narrative paragraphs that are not organized in a coherent fashion (or even numbered sequentially), some portions of which appear based on a complaint from an unrelated action." *Id*. at *1. The Court held that this violated Rule 12(e) because the complaint "fail[ed] to allege a single set of causes of action; (2) fail[ed] to identify the facts that form the basis of each claim for relief (in any of the lists of claims recited); and (3) include[d] far too many irrelevant, unexplained, or conflicting allegations." *Id*. at *4.

Simply put, all the cases cited by Defendant involved a federal pleading that failed to put the defendant on notice of even a general legal basis of the claim. These motions were not granted because the complaint did not include all specific facts that may be pertinent to proving or defending the claim, but omitted the laws which formed the basis for the claim. Here, Plaintiff's one-count complaint asserting retaliation pursuant to 12 U.S.C. § 5567 is starkly different from the ambiguous, catcall complaints filed by pro se plaintiffs in the cases Defendant attempts to rely on.

An instructive case is *Schwable v. Coates*, 2005 WL 2002360 (N.D. Ohio 2005) (cited by this Court in *Sutherland v. Warren*, 2020 WL 13789265 (E.D. Mich. 2020)). There, the plaintiff filed suit arising out of an automobile accident, and this included two counts titled "Statutory Violations of Truck Driver" and "Statutory Violations of Truck Company", which the defendants moved for a more definite statement on. *Id*. at *1. The Court began its analysis by articulating that "a motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail....[It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Id*. (internal citations omitted).

The defendant argued that Rule 12(e) applied because the complaint cited a large range of Federal regulations (49 C.F.R. §§ 350-399) as the source supporting

the statutory claims, and this "range of the statute implicates a plethora of subsections, and therefore seek to use a motion for a more definite statement to determine the precise subsection of the statute which forms the basis of Plaintiff's claims." *Id*. The Court denied this motion holding as follows:

> In the instant action, there is enough factual background provided in the complaint to allow the Defendants to admit or deny Plaintiff's factual allegations and to thereby frame an answer. Any uncertainty about the legal basis of the complaint should be amenable to resolution through discovery. At the summary judgment stage, the burden will be on the Plaintiff to meet Defendants' motion for summary judgment as to Counts Two and Seven by articulating which statutory sections, if any, the Defendants violated and by identifying in the record the facts constituting the violation. Id. at *2.

Here, Defendant's request to have a more definite statement flies in the face of decades of notice-pleading rules and the general standard a complaint must adhere to. Defendant takes issue with the alleged lack of specificity of the complaint. Yet a close reading of Defendant's argument (ECF No. 7, PageID.31-33) evidences Defendant's blatant attempt to use a Rule 12(e) motion to flush out factual disputes and discovery. Simply put, Defendant wants to know the specific nature of Plaintiff's internal complaints and specifically who they were made to. Indeed, Defendant does not mask its improper attempts to engage in premature discovery when it explains, "[t]he Complaint sheds no light whatsoever as to what 'these costs' were; how or why these costs were 'improper'; what 'acts' were performed by unlicensed employees' or how any of this was

'unlawful'—including which laws supposedly were violated to begin with." (ECF No. 7, PageID.33).

While Defendant clearly desires the complaint to be so specific it can begin fashioning its defense before discovery commences, FRCP 8 dictates otherwise; the complaint must only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman*, 507 U.S. at 168. A defendant's request for more detailed pleadings than that required under Rule 8 is the subject of discovery; not an improper Rule 12(e) motion. See *Compuware Corp.*, 259 F.Supp.2d at 600; *Schwable*, 2005 WL 2002360 at *1.

Whereas the cases cited by Defendant involved pro se plaintiffs who filed unintelligible complaints seeking ambiguous or unknown remedies without tying claims to civil rights, Plaintiff's complaint clearly sets forth a retaliation claim under 12 U.S.C. § 5567(a). Implicit in Defendant's argument is that Plaintiff must prove and plead a prima facie case of retaliation. While there is no Sixth Circuit precedent establishing the elements of a prima facie retaliation under the CFPA, various districts across the country have applied the McDonnell Douglas framework to Dodd-Frank retaliation claims given its application to all sorts of discrimination/retaliation claims. See *Fitzpatrick v. Milwaukee School of Engineering*, 2020 WL 7060133 (E.D. Wisc. 2020); *Kuba v. Disney Financial Services, LLC*, 623 F.Supp.3d 1290, 1308 (M.D. Fla. 2022); *Miglani v. Edwards*

16

*Lifesciences, LLC*, 2018 WL 6265007, at \*2 (C.D. Cal. 2018). Yet the Supreme Court has long held that a plaintiff in a discrimination/retaliation claim is not required to plead facts establishing a prima facie case under McDonnell Douglas. See *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 511-12 (2002). Here, the complaint sets forth that Plaintiff reported that Defendant was unlawfully modifying loans and manufacturing changes to pass improper costs onto mortgagees along with having unlicensed employees perform these acts, all of which Plaintiff believed were violations of the TRID rules pursuant to the Dodd-Frank Wall Street Reform Act. (Plaintiff's Complaint, ECF No. 1, ¶¶ 16-20, 22-24, 28-29). The complaint also ties Plaintiff's subsequent termination to his protected activity.

Defendant seeks to require Plaintiff to plead specifically how Defendant violated the TRID rules; for example, Defendant claims "[t]he legal theory underpinning Plaintiff's April 18, 23022 'concerns' is equally vague." (ECF No. 7, PAgeID.32). But Defendant seemingly has not read the CFPA retaliation provision Plaintiff's claim arises out of, because this case is not about whether Rocket Mortgage actually violated TRID rules by unlawfully manufacturing and passing costs onto mortgagees, as Mr. Fleming must only prove that he "reasonably believed" that the conduct he reported violated the law. 12 U.S.C. § 5567(a). While Defendant intends to conduct a mini-trial regarding the merits of Mr. Fleming's

17

internal complaints as to Rocket Mortgage's improper loan modification (conduct undisputedly covered by the TRID rules), proving that Rocket Mortgage was actually in violation of the TRID rules is not an element of Plaintiff's claim. Indeed, Mr. Fleming is not a regulatory lawyer, and the extent of his knowledge of the TRID rules and what amounts to a violation of the same arose from his training and experience with Defendant. Simply put, many of the facts Defendant claims it requires to be able to answer the complaint are not even elements of Plaintiff's claim of retaliation.

The Court need look no further than Rocket Mortgage's administrative answer to Plaintiff's Department of Labor charge to determine the validity (or lack thereof) of this motion. Since October 11, 2022, Defendant has been well aware of the nature of this claim, and the allegations were clear enough for Defendant to respond with an 8 page argument regarding Plaintiff's CFPA claim. (Ex. 1). Rule 12(e) was never intended to become a means to intimidate a plaintiff (i.e. a litigation tactic) and make a plaintiff prove his entire claim (and elements irrelevant to his claim) via factual allegations. Yet that is exactly what Defendant's motion seeks. Rule 12(e) is certainly not intended to allow a dissatisfied defendant to obtain a subjective degree of specificity for a complaint sufficient to mount its entire defense before discovery has begun. Such an interpretation would eviscerate long standing principles of broad notice-pleading rules.

Plaintiff's complaint sets forth the specific statute which provides him relief (12 U.S.C. § 5567(a)), and far exceeds the degree of specificity required to plead a retaliation claim. All of Defendant's qualms with the complaint must be flushed out in discovery, particularly as many of the specific facts Defendant seeks are irrelevant to Plaintiff's one-count claim. Just as the Court held in *Schwable*, "there is enough factual background provided in the complaint to allow the Defendants to admit or deny Plaintiff's factual allegations and to thereby frame an answer. Any uncertainty about the legal basis of the complaint should be amenable to resolution through discovery." Here, the CFPA's anti-retaliation statutory violation is clear in Plaintiff's complaint as the basis of his claim, yet Defendant seeks specific statutory authority for the underlying, irrelevant regulatory violations that prompted Plaintiff's protected activity. Defendant will have ample opportunity in discovery to conduct its irrelevant mini-trial regarding whether Rocket Mortgage's lending practices do actually violate the TRID rules—something Rocket Mortgage likely desires to do given if so, Rocket Mortgage's liability would far surpass simply that of an employer who retaliatorily terminated an employee. But insofar as this claim and this plaintiff, Plaintiff's complaint adequately puts Defendant on notice of Plaintiff's CFPA retaliation claim and his right to relief, as his duty under Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

Defendant's motion here improperly attempts to have Plaintiff's complaint prove not only the CFPA retaliation claim he pled but also whether Rocket Mortgage actually did in fact violate the TRID rules in modifying mortgagee's loans to pass costs onto their mortgage(s). Looking past Defendant's selective recitation of the facts and citations to case law where a pro se plaintiff asserted vague and voluminous allegations not tied to any statutory authority/remedies, Plaintiff's one-count retaliation suit seeking protections afforded to him under 12 U.S.C. § 5567(a) satisfies Fed. R Civ. P. 8(a)(2) and sufficiently places Defendant on notice of the material elements of Plaintiff's claim. Any issues Defendant has regarding specificity must be flushed out in discovery, not an improper Rule 12(e) motion, given using this pleading rule as a discovery tactic is exactly the reason it is disfavored by Courts across the country.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for a More Definite Statement.

Respectfully submitted,

*/s/ Andrew J. Laurila*
ROBERT M. GIROUX (P47966)
ANDREW J. LAURILA (P78880)
Giroux Trial Attorneys, P.C.
Attorneys for Plaintiffs
28588 Northwestern Highway, Suite 100
Southfield, Michigan 48034
(248) 531-8665 / (248) 308-5540 (fax)

rgiroux@greatmiattorneys.com

Dated: July 26, 2023                                    alaurila@greatmiattorneys.com


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on July 26, 2023, he electronically filed the above document with the Clerk of the Court via the ECF system, which will provide electronic copies to counsel of record.

*/s/ Andrew J. Laurila*
ANDREW J. LAURILA (P78880)