UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY FLEMING,**<br><br>*Plaintiff*,<br>v.<br><br>**ROCKET MORTGAGE, LLC,**<br><br>*Defendant.* | **Case No. 2:23-cv-11109**<br>Hon. Jonathan J.C. Grey |

### ROCKET MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Rocket Mortgage, LLC ("Rocket Mortgage"), by and through its undersigned counsel, hereby answers and pleads its affirmative and other defenses to the Complaint & Jury Demand ("Complaint") filed by Plaintiff Anthony Fleming ("Plaintiff"). Rocket Mortgage's responses are made without waiving, but expressly reserving all rights that Rocket Mortgage has to file dispositive motions, other motions, or other responses addressed to some or all of the allegations and claims asserted in the Complaint.

### **PARTIES**[1]

---

[1] Rocket Mortgage's inclusion of the headings used in the Complaint is strictly for ease of reference by the Court and the parties. Rocket Mortgage does not admit the

1. Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 concerning Plaintiff's residency, and so denies them.

2. Rocket Mortgage admits only that (a) it is a limited liability company organized under the laws of the State of Michigan with its principal place of business in Detroit, Michigan located within Wayne County and (b) it is a residential mortgage lender that is licensed in and conducts business in Michigan and other states. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 2.

3. Rocket Mortgage admits only that Plaintiff was formerly an employee of Rocket Mortgage. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 3.

4. Rocket Mortgage admits that Plaintiff worked as a Senior Solution Analyst for Rocket Mortgage and that, in this role, part of his responsibilities included working on mortgage loan applications. The remaining allegations in Paragraph 4 state conclusions of law to which no response is required. To the extent the remaining allegations in Paragraph 4 may be construed to contain allegations of fact requiring a response, Rocket Mortgage denies them.

---

truth of any allegation contained within any headings or sub-headings in the Complaint, but instead expressly denies any such allegations.

5. Rocket Mortgage admits only that it is a mortgage lender that offers a range of residential mortgage loan options to its clients. The remaining allegations in Paragraph 5 state conclusions of law to which no response is required. To the extent the remaining allegations in Paragraph 5 may be construed to contain allegations of fact requiring a response, Rocket Mortgage denies them.

### JURISDICTION AND VENUE

6. Paragraph 6 states conclusions of law to which no response is required. To the extent the allegations in Paragraph 6 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent the allegations in Paragraph 7 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage admits only that Plaintiff asserts a claim arising under federal law and that, at this time, Rocket Mortgage is not challenging this Court's jurisdiction over the subject matter of this action.

8. Rocket Mortgage admits only that Plaintiff submitted a complaint with the U.S. Department of Labor on or about October 12, 2022. The remaining allegations in Paragraph 8 state conclusions of law to which no response is required. To the extent the remaining allegations in Paragraph 8 may be construed to contain

allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

9. Rocket Mortgage admits only that Plaintiff purports to seek a trial by jury. The remaining allegations in Paragraph 9 state conclusions of law to which no response is required. To the extent the allegations in Paragraph 9 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent the allegations in Paragraph 10 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket admits that this Court has jurisdiction over this action.

11. Rocket Mortgage admits that its principal place of business is in Detroit, Michigan located within Wayne County and that venue is proper within this District. The remaining allegations in Paragraph 11 state conclusions of law to which no response is required. To the extent the remaining allegations in Paragraph 11 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

**COMMON FACTUAL ALLEGATIONS**

12. Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraph 1 through 11 above.

13. Rocket Mortgage admits that Plaintiff worked as a Senior Solution Analyst for Rocket Mortgage and that, in this role, part of his responsibilities included working on mortgage loan applications. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 13.

14. Rocket Mortgage admits only that it is a non-bank mortgage lender. The remaining allegations in Paragraph 14 state conclusions of law to which no response is required. To the extent the remaining allegations in Paragraph 14 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states that the terms of the statute referenced therein speak for themselves and denies any factual allegations contained in Paragraph 14 to the extent they are inconsistent with or differ from such terms.

15. Paragraph 15 contains no allegations of fact directed to Rocket Mortgage requiring a response. To the extent Paragraph 15 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states that the terms of the statute referenced therein speak for themselves and denies any factual allegations contained in Paragraph 15 to the extent they are inconsistent with or differ from such terms.

16. Rocket Mortgage denies the allegations in Paragraph 16. Further answering, Rocket Mortgage specifically denies it engaged in any practices or conduct in violation of applicable consumer financial statutes or regulations, denies

5

that Plaintiff ever "rais[ed] concerns" with Rocket Mortgage with respect to same, and avers that Rocket Mortgage has acted lawfully and in full compliance with any such statutes(s) and regulation(s) (as applicable) at all times relevant herein.

17. Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 concerning how Plaintiff purportedly "felt" regarding the referenced subject matter, and so denies them. Further answering, Rocket Mortgage states that it has never engaged in any practices or conduct in violation of applicable consumer financial statutes or regulations, and expressly denies that it passed on modification costs to a "mortgagee" (or mortgagor) without a lawful basis.

18. Paragraph 18 contains no allegations of fact directed to Rocket Mortgage requiring a response. To the extent Paragraph 18 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states that the terms of the TILA-RESPA Integrated Disclosure rules speak for themselves and denies any factual allegations contained in Paragraph 18 to the extent they are inconsistent with or differ from such terms.

19. Rocket Mortgage denies the allegations in Paragraph 19. Further answering, Rocket Mortgage specifically denies that Plaintiff emailed his "numerous high-ranking supervisors" regarding any concerns regarding Rocket Mortgage's lending practices, denies that it ever "instructed" Plaintiff to take any action in

violation of any "loan modification rules" or applicable law, and avers that Rocket Mortgage has acted lawfully and in full compliance with all such rules and/or laws (as applicable) at all times relevant herein.

20.     Rocket Mortgage denies the allegations in Paragraph 20.

21.     Rocket Mortgage admits only that on May 10, 2022, Plaintiff received a performance evaluation in which he earned a grade of "Needs Improvement." Further answering, Rocket Mortgage states that Plaintiff's performance grade was based in part on performance deficiencies that had been previously communicated to Plaintiff on numerous occasions, and that Plaintiff received several coaching, warnings and negative reviews prior to May 10, 2022.  Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 21.

22.     Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 concerning how Plaintiff purportedly "felt" regarding the referenced subject matter, and so denies them.  Further answering, Rocket Mortgage specifically denies that Plaintiff ever made any complaints to Rocket Mortgage concerning any alleged unlawful lending practices, and avers that Rocket Mortgage has acted lawfully and in full compliance with all such rules and/or laws (as applicable) at all times relevant herein, and expressly denies that it passed on costs to a "mortgagee" (or mortgagor) without a lawful basis.

23. Rocket Mortgage denies the allegations in Paragraph 23.

24. Rocket Mortgage denies the allegations in Paragraph 24. Further answering, Rocket Mortgage specifically denies that it engaged in any practices or conduct in violation of applicable consumer financial statutes or regulations, and expressly denies that it passed on costs to a "mortgagee" (or mortgagor) without a lawful basis.

25. Rocket Mortgage denies the allegations in Paragraph 25.

26. Rocket Mortgage admits only that Plaintiff's employment with Rocket Mortgage was terminated on July 22, 2022. Except as specifically admitted herein, Rocket Mortgage denies all allegations in Paragraph 26.

## **COUNT I – CFPA RETALIATION – 12 U.S.C. § 5567 – AS TO DEFENDANT ROCKET MORTGAGE**

27. Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 26 above.

28. Paragraph 28 states conclusions of law to which no response is required. To the extent Paragraph 28 is deemed to contain any factual allegations directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

29. Paragraph 29 states conclusions of law to which no response is required. To the extent Paragraph 29 is deemed to contain any factual allegations directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

30.     Paragraph 30 states conclusions of law to which no response is required.  To the extent Paragraph 30 is deemed to contain any factual allegations directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

31.     Paragraph 31 states conclusions of law to which no response is required.  To the extent Paragraph 31 is deemed to contain any factual allegations directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

32.     Rocket Mortgage denies the allegations in Paragraph 32.  Further answering, Rocket Mortgage specifically denies that it ever engaged in any unlawful practices or conduct in violation of any applicable consumer financial statutes or regulations and avers that Rocket Mortgage had ample, non-retaliatory reasons to effectuate Plaintiff's termination.

33.     Rocket Mortgage denies the allegations in Paragraph 33.  Further answering, Rocket Mortgage states that it had ample, non-retaliatory reasons to effectuate Plaintiff's termination and expressly denies Plaintiff had a "strong performance" before his termination or his alleged complaints.

34.     Paragraph 34 states conclusions of law to which no response is required.  To the extent Paragraph 34 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states that the terms of the statute referenced therein speak for themselves and denies any factual

allegations contained in Paragraph 34 to the extent they are inconsistent with or differ from such terms.

35. Rocket Mortgage denies that it ever engaged in any unlawful practices or conduct in violation of any applicable consumer financial statutes or regulations. For the remaining allegations in Paragraph 35, Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and so denies them.

36. Paragraph 36 states conclusions of law to which no response is required. To the extent Paragraph 36 is deemed to contain any factual allegations directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them. Further answering, Rocket Mortgage states that the terms of the statute referenced therein speak for themselves, and denies any factual allegations contained in Paragraph 36 to the extent they are inconsistent with or differ from such terms.

With respect to the clause set forth in the Paragraph titled "**WHEREFORE**" and sub-paragraphs (A) through (G) thereof, Rocket Mortgage denies the allegations contained in such Paragraph and sub-paragraphs, except admits that Plaintiff purports to request the judgments, damages, relief, and remedies recited therein. Further answering, Rocket Mortgage specifically denies that there is any legal or factual basis for Plaintiff's claims or for awarding Plaintiff any of the requested (or any other) judgments, damages, relief, or remedies.

## JURY DEMAND

Rocket Mortgage admits only that Plaintiff purports to seek a trial by jury. To the extent the unnumbered paragraph following the "Jury Demand" heading may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

## AFFIRMATIVE AND OTHER DEFENSES

Rocket Mortgage states the following defenses to the claim asserted in the Complaint. In asserting these defenses, Rocket Mortgage does not assume the burden of proof, persuasion, or production as to any defense or issue that would otherwise rest with Plaintiff or as to any element of Plaintiff's claim. Rocket Mortgage reserves its right to assert other and/or additional defenses of which it may become aware through discovery or other investigation as may be appropriate at a later time.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claim is barred, in whole or in part, because any employment action taken by Rocket Mortgage concerning Plaintiff was taken for legitimate business reasons and not for any unlawful, retaliatory, or improper purpose.

### THIRD DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to engage in any activity protected by the Consumer Financial Protection Act or other applicable law.

### FOURTH DEFENSE

Plaintiff's claim is barred, in whole or in part, and/or any recoverable damages should be reduced or precluded because and to the extent Plaintiff failed to mitigate his damages and/or failed to take reasonable steps to mitigate his damages or avoid harm.

### FIFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, equitable estoppel, or similar doctrines.

### SIXTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff lacks standing and/or capacity to pursue the claim asserted or obtain the relief requested.

### SEVENTH DEFENSE

Any claim for equitable relief must be dismissed because Plaintiff has failed to plead facts to support the availability of such relief.

### EIGHTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of after-acquired evidence.

### NINTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the principles of *in pari delicto*, unclean hands, and/or similar legal or equitable principles.

### TENTH DEFENSE

Plaintiff did not suffer any damages attributable to any actions by Rocket Mortgage and/or for which Rocket Mortgage can be held liable.

### ELEVENTH DEFENSE

Rocket Mortgage, in its actions toward Plaintiff, did not violate any law, and Rocket Mortgage is not liable for any wrongdoing and, at all times pertinent hereto, acted reasonably, in good faith, for legitimate business reasons, and in accordance with its legal rights, and any and all applicable laws.

### TWELFTH DEFENSE

Plaintiff's claim for special damages must be dismissed, in whole or in part, because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages.

### THIRTEENTH DEFENSE

Rocket Mortgage hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

## RESERVATION OF RIGHTS

Rocket Mortgage hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of discovery or other investigation, and hereby reserves the right to amend this Answer to assert any other defenses, cross-claims, or third-party claims as they become known and knowable. By asserting the foregoing defenses as affirmative defenses, Rocket Mortgage does not intend to assume, and is not assuming, the burden of proof on or in regard to any allegation, fact, conduct, claim, element of any claim, defense, or element of any defense as to which Rocket Mortgage does not bear or have such burden under applicable law. In all instances, Rocket Mortgage reserves the right to amend and/or supplement any and all defenses set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Rocket Mortgage respectfully prays for relief as follows:

1. That the Complaint be dismissed, in its entirety, with prejudice;

2. That judgment be entered in favor of Rocket Mortgage on the Complaint and all claims, counts, causes of action, and allegations asserted therein;

3. That Rocket Mortgage be awarded its costs and expenses of suit incurred herein with respect to its defense of Plaintiff's claim, including reasonable costs and attorneys' fees; and

4.  For such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated April 4, 2024 | Respectfully submitted, |
| | <u>/s/ W. Kyle Tayman</u> |
| James F. Hermon (P53765) | W. Kyle Tayman |
| Dykema Gossett PLLC | Goodwin Procter LLP |
| 400 Renaissance Center | 1900 N Street, N.W. |
| Detroit, Michigan 48243 | Washington, DC 20036 |
| Telephone: (313) 568-6800 | Telephone: (202) 346-400 |
| JHermon@dykema.com | ktayman@goodwinlaw.com |

*Counsel for Defendant Rocket Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2024, the foregoing was electronically filed with the Clerk of the Court using the ECF system, which served notice of the filing upon all attorneys of record.

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Kyle Tayman
Kyle Tayman
1900 N Street, N.W.
Washington, DC 20036-1612
(202) 346-4000
ktayman@goodwinlaw.com

*Counsel for Defendant Rocket Mortgage, LLC*